# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP1996-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Scott D. Fisher, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, |
| | v. |
| | Scott D. Fisher, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST FISHER

| | |
|---|---|
| OPINION FILED: | April 19, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP1996-D

STATE OF WISCONSIN         :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Scott D. Fisher, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

        **v.**

**Scott D. Fisher,**

        **Respondent.**

**FILED**

**APR 19, 2022**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney Scott D. Fisher have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Fisher's license to practice law in Wisconsin should be suspended for one year, as discipline reciprocal to that imposed by the Supreme Court of Iowa. After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline. Given the comprehensive stipulation, which avoided the need to litigate

this matter and to appoint a referee, we impose no costs in this proceeding.

¶2 Attorney Fisher was admitted to practice law in Wisconsin in 2005. His Wisconsin law license is currently in good standing, but inactive. He was admitted to practice law in Iowa in 2007.

¶3 The OLR filed a complaint in this matter on November 17, 2021. The complaint alleged two counts of professional misconduct: (1) that by virtue of an October 15, 2021, one-year suspension of Attorney Fisher's Iowa law license by the Supreme Court of Iowa, Attorney Fisher was subject to reciprocal discipline in this state, pursuant to SCR 22.22(3), and (2) that Attorney Fisher failed to notify the OLR of the Iowa suspension within the required time, in violation of SCR 22.22(1).

¶4 On February 3, 2022, the OLR and Attorney Fisher filed a stipulation in which Attorney Fisher stipulated to the two counts set forth in the OLR's complaint. The OLR filed a memorandum in support of the stipulation.

¶5 The parties assert that the stipulation was not the result of plea bargaining. In the stipulation, Attorney Fisher states that he does not contest the factual assertions and misconduct charges alleged by the OLR, nor does he contest the discipline requested by the OLR, namely a one-year suspension of his license to practice law in Wisconsin. He represents that he fully understands the allegations of misconduct alleged by the OLR; that he understands the ramifications of the stipulated level of discipline; that he understands his right to contest

the allegations of misconduct and his right to consult counsel regarding those allegations; and that he entered into the stipulation knowingly and voluntarily.

¶6 In reciprocal discipline matters, SCR 22.22 mandates that this court impose discipline identical to that imposed by the other jurisdiction, unless one or more of three exceptions apply. Attorney Fisher does not claim that any exception in SCR 22.22(3) applies to this matter.

¶7 The misconduct that resulted in the Supreme Court of Iowa suspending Attorney Fisher's law license involved six separate client matters as well as an allegation that Attorney Fisher violated the Iowa Rules of Professional Conduct with respect to the handling of his client trust account. The misconduct alleged in the Iowa Supreme Court Attorney Disciplinary Board's 67 page second substituted and amended complaint against Attorney Fisher included revealing confidential information of former clients on the internet; false statements; frivolous filings; improperly withdrawing from a case; conduct prejudicial to justice; and failing to cooperate with the Iowa Supreme Court Attorney Disciplinary Board.

¶8 In the parties' stipulation and the supporting memorandum filed by the OLR, the parties acknowledge that Attorney Fisher is subject to the imposition of reciprocal discipline in this state by virtue of the one-year suspension imposed in Iowa. The OLR asks this court to impose a one-year suspension of Attorney Fisher's Wisconsin law license as the appropriate reciprocal discipline.

3

¶9 Upon review of this matter, we accept the stipulation and impose a one-year suspension of Attorney Fisher's license to practice law in Wisconsin, as discipline reciprocal to that imposed by the Supreme Court of Iowa. Because this matter has been resolved by means of a stipulation without the appointment of a referee and because the OLR has not requested the imposition of costs, we do not impose any costs upon Attorney Fisher.

¶10 IT IS ORDERED that the license of Scott D. Fisher to practice law in Wisconsin is suspended for one year, effective the date of this order.

¶11 IT IS FURTHER ORDERED that Scott D. Fisher shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶12 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).